# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN BROCK, | No. 3:17-CV-02070 |
| Plaintiff, | (Judge Jones) |
| v. | |
| KEVIN KAUFFMAN, et al., | |
| Defendants. | |

## **MEMORANDUM OPINION**

## **August 5, 2019**

## I.  BACKGROUND

Ryan Brock, a Pennsylvania state prisoner, filed this amended 42 U.S.C. § 1983 complaint alleging that numerous defendants violated his rights during his incarceration at Pennsylvania State Correctional Institution Huntingdon. (Doc. 11). Brock's claim relates primarily to what he alleges was inadequate psychological treatment, including the failure to prescribe medications that would not cause side effects, the failure to treat him for anxiety, depression, paranoia, and mood swings, and his removal from the prison's mental health roster. *Id.*

Defendants filed two motions to dismiss[1] asserting that the amended complaint should be dismissed because Brock failed to exhaust his administrative

---

[1]   One motion was filed by Jessica Cousins, the only medical defendant in this matter. (Doc. 25).

remedies. (Docs. 36, 37). Brock did not respond to either motion. Because Defendants' motions to dismiss relied in part on the contention that Brock failed to exhaust his administrative remedies, this Court issued an order, pursuant to *Paladino v. Newsome*, 885 F.3d 203, 211 (3rd Cir. 2018), that converted the motions to motions for summary judgment and permitted the parties to supplement the record with any pertinent documents or arguments related to that issue. (Doc. 40). Brock did not respond to that Order, although DOC Defendants submitted a timely supplemental brief and statement of facts. (Docs. 41, 42, 43). The motions are now ripe for consideration.

## II. DISCUSSION

"Summary judgment is appropriate when, drawing all reasonable inferences in favor of the nonmoving party, the movant shows that there is no genuine dispute as to any material fact, and thus the movant is entitled to judgment as a matter of law." *Minarsky v. Susquehanna Cty.*, 895 F.3d 303, 309 (3d Cir. 2018) (internal quotation marks omitted). "A dispute is genuine if a reasonable trier-of-fact could find in favor of the non-movant, and material if it could affect the outcome of the case." *Bradley v. W. Chester Univ. of Pa. State Sys. of Higher Educ.*, 880 F.3d 643, 650 (3d Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 167 (2018).

---

The second motion was filed by the other defendants, all of whom are prison officials ("DOC Defendants"). (Doc. 34).

2

In considering a motion for summary judgment, "the court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires that prisoners exhaust all available administrative remedies prior to filing suit in federal court. *Rinaldi v. United States*, 904 F.3d 257, 264-65 (3d Cir. 2018). "Exhaustion is thus a non-jurisdictional prerequisite to an inmate bringing suit and, for that reason, . . . it constitutes a threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time." *Id.* at 265 (internal quotation marks omitted). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the [prison's] applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks omitted).

The relevant procedural rules governing Pennsylvania state prisons require that prisoners file an initial grievance with the Facility Grievance Coordinator within fifteen working days of the event of which the prisoner complains. (Doc. 36-1 at 6-7). If the prisoner is unsatisfied with the response to his initial grievance, he may appeal that decision to the Facility Manager within fifteen working days of the response. (*Id.* at 16). If that appeal is denied, the prisoner may file a final appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within fifteen

working days of the Facility Manager's decision. (*Id.* at 19). "[A] prisoner must follow each of these steps to properly exhaust his administrative remedies under the PLRA." *Harris v. Hyde*, 709 F. App'x 144, 147 n.6 (3d Cir. 2017).

Despite containing a strict exhaustion requirement, "[t]he PLRA requires only 'proper exhaustion,' meaning exhaustion of those administrative remedies that are 'available.'" *Rinaldi*, 904 F.3d at 266 (quoting *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). Thus,

> the Supreme Court [has] identified "three kinds of circumstances in which an administrative remedy, although officially on the books," is not "available" because it is "not capable of use to obtain relief": (1) when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when it is "so opaque that it becomes, practically speaking, incapable of use," such as when no ordinary prisoner can discern or navigate it; or (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Id.* at 266-67 (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

"The burden to plead and prove failure to exhaust as an affirmative defense rests on the defendant." *Id.* at 268. "But once the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." *Id.*

SOIGA's records demonstrate that Brock utilized the final step of the administrative grievance process seven times, but that none of the appeals to SOIGA involved allegations related to his mental health treatment. (*See* Doc. 36-1 at 38-

4

77). Brock asserts in his complaint that he filed one initial grievance related to his mental health treatment, but that grievance was rejected. (Doc. 1 at 3; Doc. 11 at 6). Dorina Varner, SOIGA's Chief Grievance Officer, provided an unsworn declaration[2] attesting that Brock never appealed the rejection of that grievance to SOIGA. (Doc. 42-2 at 2-7).

The uncontroverted evidence therefore establishes that Brock did not exhaust his administrative remedies, and Defendants have met their initial burden of proof. In response, Brock provides no argument or evidence demonstrating that administrative remedies were unavailable, and none is apparent from the record. Consequently, the Court concludes that Brock failed to exhaust his administrative remedies as to the claim presented in his amended complaint, and summary judgment must be granted in favor of Defendants.

## III. CONCLUSION

For the foregoing reasons, Defendants' motions for summary judgment will be granted. An appropriate Order follows.

---

[2] Although unsworn, the declaration is dated and made under penalty of perjury (Doc. 42-2 at 2, 7), and may therefore be considered in ruling on Defendants' motions for summary judgment. *United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 315 (3d Cir. 2019).